IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Dustin Dillard, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  1:20-cv-2146 ) |
| Hunter Warfield, Inc., a Maryland corporation, | ) ) ) ) |
| Defendant. | ) <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Dustin Dillard, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Dustin Dillard ("Dillard"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed to a landlord.

4. Defendant, Hunter Warfield, Inc. ("Hunter"), is a Maryland corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses

the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana. In fact, Hunter was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Hunter is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Hunter conducts business in Indiana.

6. Defendant Hunter is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

**FACTUAL ALLEGATIONS**

7. On October 25, 2019, Mr. Dillard filed a Chapter 13 bankruptcy petition in a matter styled In re: Dillard, S.D.Ind.Bankr. No. 19-07980-JJG-13. Among the debts included in the bankruptcy was a debt he allegedly owed to a landlord, Brookwood Apartments, see, Schedule E/F to the bankruptcy petition, a portion of which is attached as Exhibit C.

8. Accordingly, on October 31, 2019 the landlord was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, which is attached as Exhibit D.

9. Thereafter, when the creditor ignored the notice that was sent by the bankruptcy court, Plaintiff's attorney sent a letter dated, December 12, 2019, enclosing a copy of the bankruptcy notice and demanding that it cease its illegal collection actions against Mr. Dillard. A copy of this collection letter is attached as Exhibit E.

10. Plaintiff's bankruptcy is a matter of public record, is in the files of the Defendant and the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

11. Nonetheless, Defendant Hunter sent Mr. Dillard a collection letter, dated January 21, 2020, demanding payment of the Brookwood Apartments debt that is subject to his bankruptcy and also directly called him on February 18, 2020. A copy of this collection letter is attached as Exhibit F.

12. Defendant's violations of the FDCPA was material because, Defendant's continued collection communications with Plaintiff, after he had filed for bankruptcy, made him believe that his exercise of his rights, through filing bankruptcy, may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA. Defendant's collection actions alarmed, confused and distressed Mr. Dillard.

13. All of Defendant Hunter's collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Included In A Bankruptcy

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the

3

collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

17. Demanding payment of a debt that is subject to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004). By demanding payment of the Brookwood Apartments debt that was subject to Mr. Dillard's Chapter 13 bankruptcy, Defendant Hunter violated § 1692e of the FDCPA.

18. Defendant Hunter's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

21. Here, the bankruptcy and the notice issued by that court (Exhibit D), as well as Plaintiff's attorneys letter (Exhibit E), provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment (Exhibit F) and by directly calling Plaintiff, Defendant violated § 1692c(c) of the FDCPA.

22. Defendant Hunter's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C.

§ 1692k.

## PRAYER FOR RELIEF

Plaintiff, Dustin Dillard, prays that this Court:

1. Find that Defendant Hunter's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Dillard, and against Defendant, for actual and statutory damages;

3. Award Plaintiff his costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Dustin Dillard, demands trial by jury.

Dustin Dillard,

By:/s/ David J. Philipps\_\_\_
One of Plaintiff's Attorneys

Dated:  August 13, 2020

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com

5